# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| A. A., *by and through his mother, P.A.*, ET AL. | CIVIL ACTION |
| VERSUS | |
| DR. COURTNEY N. PHILLIPS, *in her official capacity, as Secretary of the Louisiana Department of Health*, ET AL. | NO. 19-00770-BAJ-SDJ |

## RULING AND ORDER

Before the Court is Defendants' **First Motion To Stay Proceedings Pending Appeal (Doc. 79)**. Plaintiffs oppose Defendants' Motion (Doc. 81). For reasons to follow, Defendants' Motion will be denied.

### I. RELEVANT BACKGROUND

On May 25, 2021, the Court granted Plaintiffs' Renewed Motion For Class Certification, and ordered that this action shall proceed as a class action, with a class consisting of:

> All Medicaid-eligible youth under the age of 21 in the State of Louisiana (1) who have been diagnosed with a mental health or behavioral disorder, not attributable to an intellectual or developmental disability, and (2) for whom a licensed practitioner of the healing arts has recommended intensive home- and community- based services to correct or ameliorate their disorders.

(Doc. 78 (the "Certification Order")).

On June 9, 2021—fifteen days after the Court entered its Certification Order—Defendants filed a petition to appeal the same to the U.S. Court of Appeals for the

Fifth Circuit, pursuant to Federal Rule of Civil Procedure ("Rule) 23(f). (Doc. 79-3).

Also on June 9, 2021, Defendants filed the instant Motion seeking a stay of all proceeding pending the outcome of their Rule 23(f) petition. (Doc. 79).

On June 17, 2021, Plaintiffs filed their opposition to Defendants' Motion. (Doc. 81).

## II. ANALYSIS

### A. Standard

Rule 23(f) permits a party to seek an interlocutory appeal of a class certification decision by filing "a petition for permission to appeal with the circuit clerk within 14 days after the order is entered." Fed. R. Civ. P. 23(f). Rule 23(f) expressly provides, however, that "[a]n appeal does not stay proceedings in the district court unless the district judge or the court of appeals so orders." *Id.* Indeed, "[s]tays issued pursuant to Rule 23(f) are discretionary and rare." *In re Cobalt Int'l Energy, Inc. Sec. Litig.*, No. 14-cv-3428, 2017 WL 3620590, at *4 (S.D. Tex. Aug. 23, 2017).

The Court applies four criteria to determine whether to issue a stay pending appeal:

> (1) Whether the movant has made a showing of likelihood of success on the merits;
>
> (2) Whether the movant has made a showing of irreparable injury if the stay is not granted;
>
> (3) Whether the granting of the stay would substantially harm the other parties; and
>
> (4) Whether the granting of the stay would serve the public interest.

*In re First S. Sav. Ass'n*, 820 F.2d 700, 704 (5th Cir. 1987). The party seeking the stay

bears the burden of establishing these criteria. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982).

### B. Discussion

#### i. Defendants Cannot Establish A Likelihood Of Success On The Merits Of Their Rule 23(f) Petition

Defendants fail to show that their Rule 23(f) petition will likely succeed. First, Defendants' petition is untimely. The Court entered its Certification Order on May 25, 2021, yet Defendants waited until June 9, 2021—15 days later—to file their petition with the Fifth Circuit. "The fourteen-day time limit for filing a Rule 23(f) petition is 'strict and mandatory,'" and not susceptible to tolling. *M.D. ex rel. Stukenberg v. Perry*, 547 F. App'x 543, 544 (5th Cir. 2013) (quoting *Harper v. Am. Airlines, Inc.*, 371 Fed. Appx. 511, 512 (5th Cir. 2010)). "[C]ourts are without authority to make exceptions merely because a litigant appears to have been diligent, reasonably mistaken, or otherwise deserving." *Nutraceutical Corp. v. Lambert*, 139 S. Ct. 710, 714 (2019). On this basis alone, Defendants *cannot* show *any* likelihood of success on the merits of their Rule 23(f) petition, and their Motion must be denied. *See M.D. ex rel. Stukenberg*, 547 F. App'x at 545 (dismissing untimely Rule 23(f) petition filed 15 days after issuance of certification order).

Moreover, and in any event, Defendants' underlying arguments are unpersuasive, and merely repackage the same arguments soundly rejected in the Certification Order. Indeed, as reflected in the Certification Order, Plaintiffs' challenge to Louisiana's Medicare program is *not* the first of its type, and Plaintiffs are not the first to obtain class action status. Without exception, the caselaw supports

certification of Plaintiffs' class. *See, e.g.*, *N.B. v. Hamos*, 26 F. Supp. 3d 756 (N.D. Ill. 2014) (Tharp, Jr., J.) (order certifying class to pursue Medicaid-eligible children's claims that Illinois's failure to provide home and community-based mental health interventions violated the Medicaid Act, Title II of the Americans with Disabilities Act, and the Rehabilitation Act; *S.R., by & through Rosenbauer v. Pennsylvania Dep't of Hum. Servs.*, 325 F.R.D. 103 (M.D. Pa. 2018) (Jones, III, J.) (same, Pennsylvania); *M. H. v. Berry*, No. 15-cv-1427, 2017 WL 2570262 (N.D. Ga. June 14, 2017) (Thrash, Jr., J.) (same, Georgia); *O.B. v. Norwood*, No. 15-cv-10463, 2016 WL 2866132 (N.D. Ill. May 17, 2016) (Kocoras, J.) (same, California). For present purposes, the result is the same: Defendants cannot show a likelihood of success on the merits of their Rule 23(f) petition.

### ii. The Remaining Criteria Do Not Favor A Stay

The remaining criteria also do not favor a stay. Defendants only claim to harm is the risk of "duplicative and inefficient litigation." (Doc. 79-1 at 10). Yet increased litigation costs alone cannot meet the threshold for "irreparable" injury. *See Sampson v. Murray*, 415 U.S. 61, 90 (1974) ("The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough."); *see also M.D. v. Perry*, No. 11-cv-84, 2011 WL 7047039, at *2 (S.D. Tex. July 21, 2011) ("The prospect of burdensome or expensive discovery alone is not sufficient to demonstrate 'irreparable injury,' and the Court will certainly be available to help manage discovery if it becomes overly burdensome or costly.").

Additionally, any benefit that Defendants may gain through a stay would be

at least equally injurious to Plaintiffs, who seek a timely resolution of their federal claims under the Medicaid Act, the ADA, and the RA, and meaningful improvements to the Louisiana's mental health system. *See M.D.*, 2011 WL 7047039, at *2 (finding that a stay pending defendant's Rule 23(f) petition would be injurious where plaintiffs sought "timely resolution to their constitutional claims, and meaningful improvements to the state foster care system").

Finally, the broader public interest plainly favors prompt adjudication of Plaintiffs' claims, which, at root, question whether Louisiana's publicly-funded Medicaid program delivers mental health services and interventions consistent with requirements set forth in federal law. *See Modica v. Taylor*, 465 F.3d 174, 180–81 (5th Cir. 2006) ("Public interest is near its zenith when ensuring that public organizations are being operated in accordance with the law, and seeing that public funds are not purloined." (quoting *Marohnic v. Walker*, 800 F.2d 613, 616 (6th Cir. 1986)).

### III. CONCLUSION

In sum, Defendants fail to show a substantial likelihood of success on the merits of their Rule 23(f) petition, or "that the balance of the equities weighs heavily in favor of granting the stay." *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 439 (5th Cir. 2001). Accordingly,

**IT IS ORDERED** that Defendants' **First Motion To Stay Proceedings Pending Appeal (Doc. 79)** is **DENIED**.

Baton Rouge, Louisiana, this 24th day of June, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**